# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* S.M.

No. 17-0986 (Marion County 15-JA-120)


## MEMORANDUM DECISION

Petitioner Father R.J., by counsel Scott A. Shough, appeals the Circuit Court of Marion County's September 28, 2017, order terminating his parental rights to S.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Terri L. Tichenor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in relying solely on his incarceration at disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2015, the DHHR filed an abuse and neglect petition that alleged that the parents' substance abuse rendered them unable to safely parent the child. According to the petition, the parents left controlled substances and drug paraphernalia within reach of the child. The petition further alleged that the parents were charged criminally with felony child neglect creating risk of injury based on the actions alleged in the petition. The petition additionally alleged that petitioner perpetrated domestic violence in the home. Petitioner was incarcerated prior to the preliminary hearing on the related criminal charge and a revocation of probation for a prior criminal offense.

In March of 2016, the circuit court adjudicated petitioner, who remained incarcerated, upon his stipulation that his substance abuse negatively affected his ability to parent the child and that he abused controlled substances while caring for the child. Thereafter, the matter was continued multiple times while the mother participated in an improvement period. Petitioner remained incarcerated during this time.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In August of 2017, the circuit court held a final dispositional hearing, during which it found that petitioner's continued incarceration prevented him from providing care for the child or otherwise participating in services to remedy the issues of abuse and neglect. Ultimately, the circuit court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner cites to only one authority in support of his argument. Specifically, petitioner alleges that "the sole basis for the termination of his parental rights was incarceration and that therefore pursuant to this [C]ourt's holding in *In Re: Cecil T.*[,] 228 W.Va. 89, 717 S.E.2d 873 (2011) the lower court erred in terminating his parental rights." We disagree, as petitioner's argument misstates *Cecil T.*, wherein we noted that "this Court has never held that incarceration can not be the sole basis for terminating parental rights." 228 W.Va. at 96, 717 S.E.2d at 880. Accordingly, petitioner's entire argument on appeal to this Court is without support from any controlling authority.

Moreover, the record is clear that termination was appropriate. Specifically, petitioner admitted at adjudication that his substance abuse negatively impacted his ability to parent the child and that he abused controlled substances while the child was in his care, custody, and control. At disposition, the circuit court found that petitioner failed to participate in any services to remedy these conditions. Indeed, on appeal to this Court, petitioner acknowledges that any treatment he may have undergone during the proceedings was insufficient to establish that he remedied the conditions of abuse and neglect.

---

[2]The mother voluntarily relinquished her parental rights during the proceedings below. According to respondents, the permanency plan for the child is adoption by a relative.

2

According to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future includes one in which

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning[.]

Based upon the evidence, and in accordance with this statute, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. The circuit court additionally found that termination of petitioner's parental rights was necessary for the child's welfare. West Virginia Code § 49-4-604(b)(6) permits circuit courts to terminate parental rights upon these findings. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 28, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker